**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LACY A. KLINE,

    Petitioner,

-vs-                                                          Case No.  8:13-CV-1258-T-30AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system, proceeding *pro se* brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1).  The Court has considered the Petition, Respondent's response (Dkt. 7), and Petitioner's Reply (Dkt. 12). Upon review of the briefs and the record, the Court determines the petition must be denied.

## BACKGROUND

On June 18, 2008, Petitioner's trial on four counts of robbery (counts one through four) and one count of possession of cocaine (count five) commenced.  The State argued that Petitioner robbed the Cornerstone Community Bank on two occasions, the Florida Central Credit Union, and a CVS store.  Initially the victims and witnesses of the robberies were unable to identify the perpetrator of these crimes.  However, according to Officer Randall Chaney, after the police received an anonymous tip, they developed Petitioner as a suspect.

The police then generated an array of six photographs, or a "photo lineup," which included Petitioner's picture. After viewing the photo lineup, Brandi Cochrane ("Cochrane") identified Petitioner as the perpetrator of the two robberies that occurred at the Cornerstone Community Bank. Cochrane then identified Petitioner in court as the person who committed the crimes.

Further, Mervin Lachman ("Lachman"), an employee of the Florida Central Credit Union, and Mark Gill ("Gill"), the store clerk from the CVS robbery, identified Petitioner after observing this same photo lineup. At trial, Lachman and Gill also made in-court identifications of Petitioner. After Petitioner was identified at trial, Petitioner entered a guilty plea to the counts as charged.

The trial court sentenced Petitioner to four fifteen-year terms of imprisonment as a prison releasee reoffender ("PRR") for counts one through four and to a five-year term of imprisonment for count five. The trial court ordered the sentence in count three to run consecutively to the sentence in count one. The other sentences were ordered to run concurrently. Petitioner appealed to the Second District Court of Appeal, and appellate counsel filed an *Anders* brief and moved to withdraw from the case.[1] The appellate court granted counsel's motion to withdraw and affirmed *per curiam. See Kline v. State*, 20 So. 3d 854 (Fla. 2d DCA 2009) (table).

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

Petitioner next filed a *pro se* Motion for Post-Conviction Relief pursuant to Florida Rule of Criminal Procedure 3.850, raising eight claims. Petitioner also filed a supplemental motion in which he raised one additional claim. The trial court entered an order striking grounds one through seven and nine and giving Petitioner leave to file an amended motion. The trial court also held claim eight in abeyance until Petitioner filed his amended motion. Petitioner subsequently filed an Amended Rule 3.850 Motion for Post-Conviction Relief in which he re-alleged grounds one through five and ground nine. The trial court entered an order denying Petitioner's claims. Petitioner appealed, and the Second District Court of Appeal affirmed *per curiam*. *See Kline v. State*, 98 So. 3d 577 (Fla. 2d DCA 2012) (table).

Petitioner timely filed this § 2254 petition for habeas relief.

## **STANDARD OF REVIEW**

Since Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to its provisions. When a federal court is asked to review a criminal conviction from state court, 28 U.S.C. § 2254 places a heavy burden upon the petitioner. Habeas relief is only available for petitioners "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

> (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or

>   (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

>   In *Williams*, the Supreme Court held:
>
>   Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-13.

Even where a state court denies an application for post-conviction relief without written opinion, that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec'y of Dep't of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). Where no Supreme Court precedent is on point, or the point is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established federal law. *Mitchell v. Esparza*, 540 U.S. 12, 17 (2003). "[A] state court's decision is not 'contrary to . . . clearly established Federal law' simply because the court did not cite [Supreme Court] opinions. . . . [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Id.* at 16 (quoting *Early v. Packer*, 537 U.S. 3, 7-8 (2002)). Additionally, federal habeas relief is available under the "unreasonable application" standard

only if the state court's application of clearly established federal law was "objectively unreasonable." *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001). Regarding the second standard, a state court's determinations of fact shall be""presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). This statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. *McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994).

## Ineffective Assistance of Counsel

The law regarding ineffective assistance of counsel claims is well-settled and well-documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Id*. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying *Strickland*, we

5

are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id. Strickland* requires a petitioner show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*.

In addition, a petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691-92. To meet this burden, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

## DISCUSSION

The Court will now address each of Petitioner's claims.

**Ground One**:   Trial counsel was ineffective for failing to re-file Petitioner's stricken *pro se* motion to suppress.

In support of ground one, Petitioner argues that he was arrested inside of his rented room without an arrest warrant, search warrant, probable cause, or exigent circumstances that

would permit the search and seizure (Dkt. 1 at 6A, Ex. A).  Petitioner maintains that prior to trial, he filed a *pro se* motion to suppress which was stricken as unauthorized because he was represented by counsel. *Id.* at 6A.  Petitioner contends counsel should have re-filed his meritorious motion and that had counsel done so, he would not have entered a plea and would have continued with trial.  (Dkt. 12 at 2-3).

Ground one was raised in Petitioner's Amended Rule 3.850 motion (Dkt. 9, Ex. B5) and the trial court denied the claim, finding it was refuted by the record because Petitioner was not arrested in his own home and instead was found in a closet of a home near his girlfriend's house.  *Id.* at Ex. B6.  The trial court further found that the police received consent from the owner of the home prior to their search.  *Id.*  The court concluded that because Petitioner was merely present in a home that he did not own, he had no legitimate expectation of privacy and therefore, he lacked standing to challenge the search of the home. *Id.*  The court concluded that counsel was not deficient for failing to file a nonmeritorious motion to suppress. *Id.*  The Second District Court of Appeal affirmed *per curiam*. *Id.* at Ex. B9.

Respondent argues that Petitioner waived his right to file a motion to suppress by entering a guilty plea (Dkt. 7 at 23-24).  However, Florida law provides that an allegation of ineffective assistance of counsel for failing to file a motion to suppress is not waived by the entry of a plea.  *Spencer v. State*, 889 So. 2d 868, 870 (Fla. 2d DCA 2004) (citations omitted).  Therefore, the Court will address the merits of Petitioner's claim.

Based on Petitioner's allegations that the owner of the home had no right to consent to the search of his rented room and the lack of evidence to the contrary, the Court assumes that counsel acted deficiently by failing to renew Petitioner's motion to suppress.[2] Nonetheless, Petitioner has not demonstrated that prejudice resulted from counsel's actions in that he cannot show that he would not have entered his guilty plea.

Although the only evidence of Petitioner's cocaine possession would have been suppressed, and therefore, the State would have been unable to prove that charge, Petitioner cannot show that he also would have been acquitted of the robbery charges had a motion to suppress been filed. With regard to the robbery charges, the State presented evidence that Petitioner had been positively identified by several victims and witnesses to the crimes. (Dkt. 15, Ex. 6C at 157-62, 173-77, 190-94, 203). There was ample evidence to support the robbery convictions without the footprint evidence obtained during the alleged illegal search and seizure.

---

[2]The Court notes that Petitioner originally argued in his *pro se* initial brief on direct appeal that the owner of the home did not give police consent to search her home (Dkt. 9 at Ex. A23). Petitioner later changed his argument in his Amended Rule 3.850 motion and alleged he rented a room in the home, therefore, the homeowner did not have authority to give consent to search his room. *Id.* at Ex. B5. An owner of a home or establishment may not give consent for police to enter into a lawfully rented room to facilitate a search or seizure. *McBride v. State*, No. 5D12-2119, 2013 WL 6122267, at *2 (Fla. 5th DCA Nov. 22, 2013). Accepting Petitioner's allegations as true, because police did not have a search warrant or arrest warrant, the ensuing search and arrest were illegal. *See Arizona v. Gant*, 556 U.S. 332, 338 (2009) ("searches conducted outside the judicial process, without prior approval by judge . . ., are *per se* unreasonable . . . .") (quotation omitted). Thus, the pipes containing crack cocaine and Petitioner's shoes, later matched to a footprint left behind at the scene of one of the robberies, would have been suppressed had such a motion been filed.

Further, Petitioner faced potential consecutive fifteen-year terms of imprisonment totaling a sixty-year sentence as a PRR if convicted of the robbery charges. § 812.13(2)(c), Fla. Stat. (2006) (providing that robbery without a firearm or weapon is a second degree felony); § 775.082(3)(c) (stating second degree felonies are punishable by up to a term of imprisonment not to exceed fifteen years). Petitioner also faced consecutive thirty-year sentences, for a total of 120 years in prison, if he were sentenced as a habitual felony offender for these offenses. *See* § 775.082(4)(a)(2), Fla. Stat. (providing that in the case of a second degree felony, a court may sentence a habitual felony offender to a term of imprisonment not to exceed thirty years).

After entering his guilty plea, Petitioner received four fifteen-year sentences for the robbery convictions. The trial court ordered the sentence for count three to run consecutively to count one, resulting in a thirty-year sentence. While Petitioner was also convicted of the cocaine possession charge, he received a concurrent five-year sentence. Therefore, even if counsel had filed the motion to suppress and Petitioner had not been convicted of that count, he still would have been subject to fifteen to 120 years in prison for the robbery convictions if convicted at trial.

Additionally, at the time he entered his plea, Petitioner clearly was aware that no motion to suppress had been filed. The plea colloquy reflects that Petitioner entered his plea because he "finally got a chance to talk to [his] . . . family" and "they talked some sense into [him]." (Dkt. 9; Ex. C2 at 7). Petitioner also stated that he had read the plea, understood the plea, and had not been threatened or coerced into entering the plea. *Id.* at 6. Petitioner had

the opportunity to tell the trial court that he wanted counsel to pursue a motion to suppress, yet he did not do so. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("the representations of the defendant . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."). Petitioner has not shown that but for counsel's actions, he would not have entered the plea and instead would have completed the trial.

Petitioner fails to demonstrate the state appellate court's denial of his appeal was contrary to, or involved an unreasonable application of, clearly established Supreme Court law. Consequently, habeas relief is not warranted on this ground, and therefore, it is denied.

**Ground Two**: Petitioner's PRR sentence is illegal

In support of ground two, Petitioner states that he was not advised that he could be sentenced as a PRR (Dkt. 1 at 8A). Petitioner maintains the plea form only provided that he could be sentenced as a habitual felony offender, therefore, his sentence as a PRR is illegal. *Id.* Petitioner raised ground two in his Rule 3.850 motion (Dkt. 9, Ex. B1). The trial court denied the claim, finding Petitioner was notified that he qualified for sentencing as a PRR. *Id.* at Ex. B6. The Second District Court of Appeal affirmed *per curiam. Id.* at Ex. B9.

Ground two is refuted by the record. On January 17, 2007, the State filed a "Notice of Defendant's Qualifications as a Prison Releasee Reoffender and Required Sentencing Term Pursuant to F.S. 775.082." (Dkt. 9 at Ex. 5). Even assuming Petitioner was unaware of the notice, Petitioner was advised by the trial court on June 17, 2008, and June 18, 2008, that he faced a PRR sentence (Dkt. 9, Ex. C1 at 7; Dkt. 15, Ex. 6A at 7). The trial court

specifically stated at the June 17, 2008 hearing that Petitioner faced a fifteen-year sentence for each robbery charge, with "[n]o time off for good behavior. That's what you're looking at as a prison releasee reoffender." (Dkt. 15, Ex. 6A at 7). Additionally, Petitioner's plea form stated that the maximum penalties he faced for the charges were thirty-year sentences for each robbery charge with a fifteen-year "day-for-day" sentence. (Dkt. 9, Ex. A17). Further, prior to the entry of his plea, on June 19, 2008, the trial court noted that a PRR notice had been filed in the case. (Dkt. 15, Ex. 6B at 9). At no point during the plea colloquy did Petitioner state he was unaware that he could be sentenced as a PRR.

The record reflects that despite Petitioner's allegations to the contrary, he was aware he faced a PRR sentence. Therefore, Petitioner has not shown that his sentence is illegal. Petitioner fails to demonstrate the state appellate court's denial of his appeal was contrary to, or involved an unreasonable application of, clearly established Supreme Court law.

**Ground Three**: Trial counsel was ineffective for advising him to reject a fifteen-year plea deal.

In support of ground three, Petitioner asserts that his attorney advised him to reject the State's plea offer because counsel stated he could negotiate for a lesser sentence (Dkt. 1 at 9A). Petitioner maintains that he received a greater sentence due to counsel's failure to accept the original negotiated plea. *Id.*

Petitioner raised this ground in his Amended Rule 3.850 motion, (Dkt. 9, Ex. B5). The trial court denied relief, finding that "Division 'M' of the State Attorney's Office does not make offers to defendants. Rather, defendants make offers which are either accepted or

rejected by the State." *Id.* at Ex. B6. In the order of denial, the trial court also noted that as recounted at the June 17, 2008 pretrial hearing, Petitioner did not make an offer that the State was willing to accept. *Id.; see also* Dkt. 15, Ex. 6A (wherein the trial court stated that petitioner had not "made an offer to the State that they would accept."). The state appellate court affirmed *per curiam*. *Id.* at Ex. B9.

The trial court made the finding that the State Attorney does not make plea offers to those defendants facing PRR or habitual felony offender sentences. The trial court's factual finding is presumed correct unless it has been rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001). Petitioner has failed to rebut this presumption by clear and convincing evidence.

Further, at no point during the pretrial hearing on June 17, 2008, or during the plea colloquy on June 19, 2008, did Petitioner advise the trial court that counsel improperly advised him to reject a plea offer made by the State (Dkt. 9, Ex. C2; Dkt. 15, Ex. 6A). Instead, Petitioner stated that he was satisfied by counsel's advice and representation (Dkt. 9, Ex. C2 at 6). There is no indication from the record that any pre-trial plea offer from the State actually existed. Petitioner has not demonstrated deficient performance or that prejudice resulted.

Consequently, Petitioner fails to demonstrate the state appellate court's denial of his appeal was contrary to, or involved an unreasonable application of, clearly established Supreme Court law. Ground three is denied.

**CONCLUSION**

Since Petitioner's claims can be refuted from the record, no evidentiary hearing is necessary. Having determined that each claim should be denied, the Petition for Writ of Habeas Corpus will be denied.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**.

2. The Clerk is directed to enter judgment in favor of Respondent and against the Petitioner, terminate any pending motions, and close this file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these

circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on April 30, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Petitioner *pro se*
Counsel of Record

SA:da