UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LACY A. KLINE,

      Petitioner,

v.                                        CASE NO. 8:13-cv-1258-T-36AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____/

**ORDER**

This cause is before the Court on a petition for writ of habeas corpus filed pursuant

to 28 U.S.C. § 2254 (Doc. 1). Respondents filed a response to the petition in compliance

with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United*

*States District Courts* (Doc. 7) and a supplemental response (Doc. 23). Petitioner filed a

reply to the response (Doc. 12) and a suppelemental reply (Doc. 30).

Petitioner alleges three claims for relief in his habeas petition. For the following

reasons, the petition for writ of habeas corpus will be denied.

**I.      PROCEDURAL HISTORY**

Petitioner was charged with four counts of robbery (counts one through four) and

one count of possession of cocaine (count five) (App. A1). Petitioner proceeded to trial, and

after several witnesses testified, he entered a guilty plea to the counts as charged (App.

A17). The trial court sentenced Petitioner to four fifteen-year terms of imprisonment for

counts one through four as a prison releasee reoffender ("PRR") and to a five-year term of

imprisonment for count five (App. A18). The trial court ordered the sentence for count three to run consecutively to the sentence for count one, and the remaining sentences were ordered to run concurrently. *Id.* Petitioner appealed, and the Second District Court of Appeal affirmed *per curiam* (App. A25).

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising eight claims (App. B1). Petitioner also filed a supplemental motion in which he raised one additional claim (App. B2). The trial court entered an order striking grounds one through seven and nine and giving Petitioner leave to file an amended motion (App. B3). The trial court also held claim eight in abeyance until Petitioner filed his amended motion. *Id.* Petitioner subsequently filed an amended Rule 3.850 motion in which he re-alleged grounds one through five and ground nine (App. B5). The trial court summarily denied Petitioner's claims (App. B6). Petitioner appealed, and the Second District Court of Appeal affirmed *per curiam*. (App. B9).

## II.   LEGAL STANDARDS

### A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

2

State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the

holdings of the United States Supreme Court "as of the time of the relevant state-court

decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court

decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent

considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d

1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh

Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the
> state court arrives at a conclusion opposite to that reached by [the United
> States Supreme Court] on a question of law or if the state court decides a
> case differently than [the United States Supreme Court] has on a set of
> materially indistinguishable facts. Under the 'unreasonable application'
> clause, a federal habeas court may grant the writ if the state court identifies
> the correct governing legal principle from [the United States Supreme
> Court's] decisions but unreasonably applies that principle to the facts of the
> prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly,

habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Whether a state court's decision was an unreasonable application of law must be assessed

in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per*

*curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not

presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the

3

state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.      Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989). In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court of the United States held that "the two-part *Strickland* . . . test applies

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

to challenges to guilty pleas based on ineffective assistance of counsel."

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.   ANALYSIS

#### A.   Claim One

Petitioner alleges that trial counsel was ineffective for failing to re-file his stricken *pro se* motion to suppress (Doc. 1 at 5). In support of this claim, Petitioner argues that he was arrested inside of his rented home without an arrest warrant, search warrant, probable cause, or exigent circumstances that would permit the search and seizure. *Id.* at 6, Ex. A. Petitioner maintains that prior to trial he filed a *pro se* motion to suppress, however, it was stricken as unauthorized because he was represented by counsel. *Id.* at 6. Petitioner contends counsel should have re-filed his meritorious motion and that had

5

counsel done so, he would not have entered a plea and would have continued with trial. (Doc. 12 at 2-3).

In his Rule 3.850 motion, Petitioner argued that counsel was ineffective for failing to adopt his motion to suppress because he was illegally arrested in his rented room (App. B5). The trial court denied the claim, finding that it was refuted by the record because Petitioner was not arrested in his own home and instead was found in a closet of a home near his girlfriend's house (App. B6). The trial court further found that the police received consent from the owner of the home prior to their search. *Id*. The court stated that because Petitioner was merely present in a home that he did not own, he had no legitimate expectation of privacy and therefore, he lacked standing to challenge the search of the home. *Id.* The court concluded that counsel was not deficient for failing to file a nonmeritorious motion to suppress. *Id*. The Second District Court of Appeal affirmed *per curiam* (App. B9).

Respondent contends that to the extent Petitioner now argues that when he was arrested the door to his rented room was "shut," secured, and locked when the police illegally entered, the claim is unexhausted (Doc. 23 at 7). Petitioner did not allege these facts in his amended Rule 3.850 motion (App. B5). When a petitioner "alleges different supporting facts in his federal habeas petition, he has failed to fairly present the federal claim to the state court." *Miholics v. Sec'y, Dep't of Corr.*, No. 8:12-CV-2045-T-36MAP, 2015 WL 5316838, at *13 n.14 (M.D. Fla. Sept. 11, 2015) (citing *Weeks v. Jones*, 26 F.3d 1030, 1044-46 (11th Cir. 1994)). Therefore, the instant claim is unexhausted. *See Duncan v. Henry*, 513

6

U.S. 364, 365 (1995) (citations omitted) ("In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."); . *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) (holding a petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim).

The Court is precluded from considering the claim because it would be procedurally defaulted if Petitioner returned to state court. *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1342 (11th Cir. 2009) (citing *Snowden*, 135 F.3d at 736 ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.")). Petitioner could not return to the state court to raise this claim because he filed a Rule 3.850 motion and any new motion would be untimely and successive.

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Petitioner has neither alleged nor

7

shown any cause or prejudice that would excuse the default, nor has he asserted that he is actually innocent. Therefore this claim is procedurally barred.

Alternatively, Petitioner cannot demonstrate that he is entitled to relief on his claim. The Fourth Amendment recognizes the right of the people to be protected from the government's unreasonable searches and seizures. U.S. Const. Amend. IV. Warrantless searches and seizures inside of a home give rise to special scrutiny. *Payton v. New York*, 445 U.S. 573, 586 (1980). An owner of a home or establishment may not give consent for police to enter into a lawfully rented room to facilitate a search or seizure. *McBride v. State*, 158 So. 3d 608 (Fla. 5thDCA 2013). Petitioner alleges that he legally rented a room in the home where the police found him, therefore, the owner of the home could not properly give consent to search his room. The record does not refute Petitioner's allegation that he lawfully rented a room at 1009 Lake Palms Drive, where the evidence was seized. Therefore, even though the police gained consent from the owner of the home, the search of Petitioner's room was unlawful.

The police found pipes containing crack cocaine in Petitioner's pockets, leading to the possession of cocaine charge. The police also confiscated Petitioner's shoes, which were later matched to footprints left behind at the scene of one of the robberies. Therefore, had counsel filed a motion to suppress the evidence seized, it likely would have been granted. Petitioner has demonstrated deficient performance on the part of counsel.

Nonetheless, Petitioner cannot demonstrate prejudice, in that he cannot show but for counsel's actions that he would not have entered the guilty plea. Although the

8

evidence of Petitioner's cocaine possession would have been suppressed, Petitioner cannot show that he also would have been successfully acquitted of the robbery charges. With regard to the robbery charges, the State presented testimony at trial wherein several victims and witnesses of the crimes positively identified Petitioner as the perpetrator of the crimes. (Doc. 15-2 at 83-88, 99-103, 116-20). Thus, there was sufficient evidence to support the robbery convictions without the footprint evidence obtained during the illegal search and seizure.

Further, Petitioner faced consecutive fifteen-year terms of imprisonment totaling a sixty-year sentence as a PRR if convicted after trial. *See* § 812.13(2)(c), Fla. Stat. (2006) (providing that robbery without a firearm or weapon is a second degree felony); *see also* § 775.082(3)(c) (stating second degree felonies are punishable by up to a term of imprisonment not to exceed fifteen years). Petitioner also faced consecutive thirty-year sentences, for a total of 120 years in prison, if he were sentenced as a habitual felony offender. *See* § 775.082(4)(a)(2), Fla. Stat. (providing that in the case of a second degree felony, a court may sentence a habitual felony offender to a term of imprisonment not to exceed thirty years).

At the time he entered his plea, Petitioner clearly was aware that no motion to suppress had been filed. The plea colloquy reflects that Petitioner entered his plea because he "finally got a chance to talk to [his]   . . . family" and "they talked some sense into [him]." (App. C2 at 7). Petitioner also stated that he had read the plea, understood the plea, and had not been threatened or coerced into entering the plea. *Id.* at 6. Petitioner

9

had the opportunity to tell the trial court that he wanted counsel to renew his motion to suppress, yet he did not do so. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("the representations of the defendant . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Petitioner has not shown that but for counsel's actions, he would not have entered the plea and instead would have completed the trial.

Petitioner fails to demonstrate that the denial of his appeal was contrary to, or involved an unreasonable application of, clearly established federal law. Consequently, claim one is denied.

### B.    Claim Two

Petitioner alleges his PRR sentence is illegal (Doc. 1 at 9). In support of ground two, Petitioner states that he was not advised that he could be sentenced as a PRR. *Id.* Petitioner maintains that the plea form only provided that he could be sentenced as a habitual felony offender, therefore, his sentence as a PRR is illegal. *Id.* Petitioner raised this claim in his Rule 3.850 motion (App. B1). The trial court denied the claim, finding that Petitioner was notified that he qualified for sentencing as a PRR (App. B6). The Second District Court of Appeal affirmed *per curiam*. (App. B9).

Claim two is refuted by the record. On January 17, 2007, the State filed a "Notice of Defendant's Qualifications as a Prison Releasee Reoffender and Required Sentencing Term Pursuant to F.S. 775.082." (App. A4). Even assuming that Petitioner was unaware of the notice, Petitioner was advised by the trial court on June 17, 2008, and June 18, 2008,

that he faced a PRR sentence (App. C1 at 7; Doc. 15-1 at 42). The trial court specifically stated at the June 17, 2008 hearing that Petitioner faced a fifteen-year sentence for each robbery charge, with "[n]o time off for good behavior. That's what you're looking as a prison releasee reoffender." *Id.* Additionally, Petitioner's plea form stated that the maximum penalties he faced for the charges were thirty-year sentences for each robbery charge with a fifteen-year "day-for-day" sentence. (App. A17). Further, prior to the entry of his plea, on June 19, 2008, the trial court noted that a PRR notice had been filed in this case. (Doc. 15-1 at 54). At no point during the plea colloquy did Petitioner state that he was unaware that he could be sentenced as a PRR.

The record reflects that despite Petitioner's allegations to the contrary, he was aware that he faced a PRR sentence. Therefore, Petitioner has not shown that his sentence is illegal. Petitioner fails to demonstrate that the state court's denial of his appeal was contrary to, or involved an unreasonable application of, clearly established federal law. Claim two is denied.

## C.    Claim Three

Petitioner asserts trial counsel was ineffective for advising him to reject a fifteen-year plea deal (Doc. 1 at 10). In support of this claim, Petitioner asserts that his attorney advised him to reject the State's plea offer because counsel stated he could negotiate for a lesser sentence. *Id.* at 11. Petitioner maintains that he received a greater sentence due to counsel's failure to accept the original negotiated plea. *Id.*

Petitioner raised this ground in his Amended Rule 3.850 motion (App. B5). The

trial court denied relief, finding the "Division 'M' of the State Attorney's Office does not make offers to defendants. Rather, defendants make offers which are either accepted or rejected by the State" (App. B6). In the order of denial, the trial court also noted that as recounted at the June 17, 2008, pretrial hearing, Petitioner did not make an offer that the State was willing to accept. *Id.*; *see also* Doc. 15-1 at 43 (wherein the trial court stated that petitioner had not "made an offer to the State that they would accept."). The state appellate court affirmed *per curiam* (App. B9).

The trial court made a finding that the State Attorney does not make plea offers to those defendants facing PRR or habitual felony offender sentences. The trial court's factual finding is presumed correct unless it has been rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001). Petitioner has failed to rebut this presumption by clear and convincing evidence.

Further, at no point during the pretrial hearing on June 17, 2008, or during the plea colloquy on June 19, 2008, did Petitioner advise the trial court that there had been a plea deal that counsel improperly advised him about (App. C2; Doc. 15-1). Instead, Petitioner stated that he was satisfied by counsel's advice and representation (App. C2 at 6). There is no indication from the record that any pre-trial plea offer from the State actually existed. Petitioner has not demonstrated deficient performance or that prejudice resulted.

The state court's denial of this claim was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court law. Claim three is therefore denied.

12

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     The Petition for Writ of Habeas Corpus filed by Lacy A. Kline (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

13

2.        Petitioner is **DENIED** a Certificate of Appealability.

3.        The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida, this 28th day of December, 2016.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Lacy A. Kline
Counsel of Record

14